(28 Misc. Rep. 549.)

### AUGUST v. CRANE.

(Supreme Court, Appellate Term. July 26, 1899.)

1. ASSIGNMENTS—SALARY.
    An assignment of the salary to become due to a public officer is void.
2. SAME.
    An assignee of the salary to be earned by a public official cannot claim that he was misled by an assertion in the written assignment that the claim was "a legal claim" against the city, the assignment being void.

Appeal from municipal court, borough of Manhattan, First district.

Action by Abe S. August against Simon B. Crane. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Thomas C. Whitlock, for appellant.
Ernest T. Fellowes, for respondent.

MacLEAN, J. In his complaint, the plaintiff alleges that on or about the 8th day of July, 1898, he purchased from the defendant a claim of $100 "then due and owing to him from the city of New York for services rendered," and took from the defendant an assignment of said claim, with a power of attorney for its collection; that he was induced to buy upon the false and fraudulent representations of the defendant, who well knew that he had no such claim; and that he has been damaged thereby in the sum of $90, the price paid for said claim. By the assignment, executed on the 8th day of July, 1898, the defendant professed to transfer to the plaintiff all right, title, and interest "in and to any claim which I may have against the city of New York for services either between the 1st day of July, 1898, and the 31st day of July, 1898, or any other time or period, which claim amounts to one hundred dollars ($100.00), without deduction"; and he also warranted that the said claim "is a legal claim against the city of New York for that amount, and also that I am now the lawful owner thereof, and have full power to assign the same." The testimony fails to show representations of any kind made by the defendant to the plaintiff, excepting the assertion in the paper of assignment that the said claim is "a legal claim against the city of New York," which paper, upon its face, must be taken to be an assignment, by way of anticipation, of the salary to become due to a public officer, and so void. Bliss v. Lawrence, 58 N. Y. 442. With the knowledge of that fact in law, the plaintiff was as chargeable as was the defendant, and he may not

now say he was misled. Furthermore, there is no evidence of any damage in the case, other than the recitals in this void assignment of the nominal consideration of "one dollar to me in hand paid." It does not appear that the plaintiff parted with a cent in reliance upon any representations by the defendant. The only testimony about payment of money in the case is that of plaintiff's one witness, who testifies that he did not at that time give Mr. Crane the amount stated in the assignment, but that he gave him $90 in February for March, and that was prior to any representations appearing herein. The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.

FREEDMAN, P. J., and LEVENTRITT, J. We concur on the first ground stated in the opinion of MacLEAN, J.